### F. GONZALES *v*. THE STATE.

EVIDENCE.—Note the evidence, mainly circumstantial, adduced in this case to identify the accused as the taker of a stolen animal, and in view of which this court declines to disturb the conviction.

APPEAL from the District Court of Robertson. Tried below before the Hon. W. D. WOOD, Judge of the Fourth District, presiding by exchange with Hon. S. FORD.

The indictment arraigned the appellant for the theft of a bay gelding, worth $60, the property of Si Beverly. January 12, 1877, was the time laid in the indictment.

Beverly, for the state, testified that a large bay gelding, newly shod and worth $100, belonging to him, was taken, without his consent, during the night of January 9, 1877, from a stable in which he had put him the evening preceding that night. On the morning of the 10th, when he missed his gelding, he found on the floor of the stable a buckskin glove, which he had since taken care of, and which he identified before the jury. A few days after he found the glove he showed it to J. Williams. Witness tracked his horse from the stable to the bridge over the Brazos River on the road to Belton; and along with the trail of his horse wit-

ness found the tracks of another horse. These latter were small tracks, and were those of an animal freshly shod. Witness stated that Williams also lost a horse the same night.

J. Williams, testifying for the state, said he knew the accused in the month of January, 1877. About the 9th of that month a bay pony horse, newly shod, was stolen from witness' stable in the town of Calvert, Robertson County. Witness put him in his stable at night, and he was gone the next morning. On January 9, 1877, the accused was in a saloon kept by witness in Calvert. Behind the bar the accused had a canvass bag and a pair of buckskin gloves, which witness had been taking care of for some time previous. These articles witness gave to the accused on January 9th, when he left the saloon. Witness had seen the glove which the previous witness, Beverly, had before the jury. It was one of the gloves which the accused took from the saloon; witness knew it by two holes which were in it. At that time the accused had long hair, which had since been cut off.

On cross-examination the witness stated that about the same time there were at Calvert many other Mexicans, besides the accused, who wore long hair, and who were often about the saloon. Witness could not remember any special mark on the gloves kept behind his bar for the accused, and had never examined them closely, but had seen them there from time to time; and he adhered to his statement that the glove produced by Beverly was one of them.

Captain Pass, for the state, testified that, traveling towards Calvert on the road from Belton, early on January 10, 1877, he met a Mexican riding one horse and leading another. One was a large and the other a pony horse, and both were bays. The rider was a tall man with long hair, and looked like the accused; but witness thought all Mexi-

cans looked alike, and could not say that the accused was the man he met. The Mexican was going in the direction of Belton. This was the case made by the state.

The accused introduced no witness except the glove spoken of by the witnesses for the state. He put it in evidence, to show that it was a buckskin glove, ripped at the seams of two of the fingers, and with two holes in the wrist, but had no name upon it.

The jury returned a verdict of guilty, and assessed the punishment at six years in the penitentiary. A new trial was asked and refused.

*Edward C. Saltmarsh*, for the appellant, insisted that neither the glove nor the accused had been sufficiently identified, and cited *Loza* v. *The State*, 1 Texas Ct. App. 488 ; *Tollett* v. *The State*, 44 Texas, 95 ; and *Cooper* v. *The State*, 23 Texas, 340.

*George McCormick*, Assistant Attorney General, for the State, cited *Campbell* v. *The State*, 23 Ala. 44 ; *The Commonwealth* v. *Webster*, 5 Cush. 295 ; *The People* v. *McWhorter*, 4 Barb. 438 ; and Burrill on Cir. Ev. 511.

WINKLER, J. The appellant was tried and convicted of theft of a gelding. His motion for a new trial was overruled, and from the judgment rendered this appeal is prosecuted upon the single question of the sufficiency of the evidence to support a judgment of conviction.

The evidence in the case was, in the main, circumstantial. The law as to the conclusiveness of this character of testimony, in order to authorize a conviction, was fully and plainly given in charge to the jury by the judge who presided at the trial below. One instruction was asked on the part of the accused, and given. No additional charges were asked, nor is it perceived that any were required by the evi-

dence.   No exceptions were taken to the charges given, or to any ruling of the court during the progress of the trial.

After carefully considering the evidence as set out in the statement of facts embodied in the transcript, we are not prepared to say that the verdict is without sufficient testimony to support it, or that the court below erred in refusing a new trial.   The jury were, in the first instance, the proper judges, under proper instructions, as to the sufficiency of the evidence to justify a conviction.   The same question was presented to the consideration of the presiding judge on the motion for a new trial, and the evidence was again held to be sufficient, and we do not see any just grounds to interfere.

The judgment is affirmed.

*Affirmed.*